UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

JUAN GONZALEZ,

    Plaintiff,

v.   No. 2:23cv0401 GJF/DLM

ADVENTURE ENTERPRISES, LLC,
and RIGOBERTO LOPEZ RUIZ,

    Defendants.

## ORDER TO AMEND COMPLAINT

THIS MATTER comes before the Court sua sponte following its review of the Complaint filed on May 10, 2023. (Doc. 1.) The Complaint invokes the Court's diversity jurisdiction. (*Id.* ¶¶ 1.1–2.2.) "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Having considered the Complaint and the applicable law, the Court finds that the Complaint fails to allege facts necessary to sustain diversity jurisdiction.

Federal "district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Plaintiff, as the "party invoking diversity jurisdiction[,] bears the burden of proving its existence by a preponderance of the evidence." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (citation omitted). "[T]he plaintiff

must meet the requirements of the diversity statute for each defendant or face dismissal." *U.S. for Use & Benefit of Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989)).

The Complaint states that "Defendant[ ] ADVENTURE ENTERPRISES, LLC is . . . incorporated under the laws of the State of New Mexico and is doing business within the state of New Mexico, registered with the State of New Mexico, [and] may be served with legal process [in New Mexico]." (Doc. 1 ¶ 1.2.) For the purpose of establishing diversity jurisdiction, "[a]n LLC, as an unincorporated association, takes the citizenship of all its members." *Gerson v. Logan River Acad.*, 20 F.4th 1263, 1269 n.2 (10th Cir. 2021) (quoting *Siloam Springs Hotel*, 781 F.3d at 1234). Because Plaintiff has not asserted facts regarding the citizenship of the members of Defendant Adventure Enterprises LLC, he has not adequately established that the Court has subject matter jurisdiction over this lawsuit.

The Court will allow Plaintiff to remedy this defect by filing an amended complaint to allege facts necessary to sustain diversity jurisdiction. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *cf. De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1157 (D.N.M. 2015) (noting that "[t]he Tenth Circuit has allowed defendants to remedy defects in their petition or notice of removal") (gathering cases).

**IT IS THEREFORE ORDERED** that Plaintiff shall amend the Complaint to properly allege facts sufficient to establish diversity jurisdiction, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **May 25, 2023**.

**IT IS FURTHER ORDERED** that if Plaintiff fails to comply with this order, the Court may dismiss this lawsuit for lack of jurisdiction.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE